## Case No. 7,155.

### The JACOB E. RIDGWAY.

[8 Ben. 179.] [1]

District Court, E. D. New York. June, 1875.

Benedict, Taft & Benedict, for libellant.
R. H. Huntley, for claimant.

BENEDICT, District Judge. This action is brought to recover the sum of $500, claimed to have been agreed to be paid by the mate of the schooner Jacob E. Ridgway, when in charge of that vessel, she being at the time in danger of taking fire, as she lay at a pier in the East river, from a burning vessel that was on the opposite side of the pier.

It is not denied that the libellant's tug took hold of the schooner and towed her out into the stream from the upper side of the pier, at a time when the steamboat River Belle was burning on the opposite side of the pier; but it is denied that the mate, who was in charge, ever employed the libellant's vessel at the price of $500, or any other price. And it is also denied that the schooner was in peril.

Upon the question of fact, as to the employment of the tug, the weight of evidence is with the libellant. The mate, it is true,

[2] This amount is fixed, on a reference, at $858.
[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

denies making any agreement with the tug; but he has a strong motive to make the denial, and his manner upon the stand, coupled with the fact that no other person is produced from the schooner, although three other persons were on board, lead me to doubt his testimony, and I conclude that he did request the tug to tow him out into the river, and did agree to the price demanded for such services, viz., $500.

Nevertheless, the service rendered was a salvage service, being performed for the sole purpose of removing the schooner from a position of danger; and contracts made for such services, and under such circumstances, are always scrutinized by a court of admiralty. Those courts, while they endeavor to encourage the rendering of services to vessels in distress by giving liberal awards, are also careful to protect vessels against the effects of improvident agreements made under such circumstances. The admiralty courts are courts of equity, and the power to relieve from such contracts has been frequently exercised. The present appears to be a case justifying resort to this power.

The contract upon which the libellant relies, was entered into when the vessel was actually in no great peril, for the weight of the evidence is that steam fire engines were upon the dock, which proved able to prevent the dock shed from catching fire, and which were able to have preserved the schooner even if the shed had caught fire. There was, nevertheless, apparent peril, sufficient to affect the judgment of the mate in charge and to justify a desire to move the schooner.

The risk run by the tug in towing the schooner into the stream was insignificant. The time occupied in the service did not exceed fifteen or twenty minutes. No extraordinary labor was required, and no injury sustained. For such a service the demand of $500 appears to me exorbitant. The circumstances did not justify the making of such a demand, nor the acquiescence in it by the mate.

The amount should be reduced to one hundred dollars. For that sum, with the taxable fees of his witnesses, the libellant may have a decree.